# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CY WAKEMAN, INC., an Iowa Corporation, | )<br>)<br>) Case No. 4:20-cv-3009 |
| Plaintiff, | )<br>) |
| v. | ) **TEMPORARY RESTRAINING ORDER**<br>) **AND NOTICE OF HEARING**<br>) |
| RICHARD R. RUNNELS, an Individual, | )<br>)<br>) |
| Defendant. | ) |

This matter is before the court on plaintiff Cy Wakeman, Inc.'s ("the Company") Verified Complaint, *ex parte* motion for Temporary Restraining Order, and Brief in Support of Motion for Temporary Restraining Order. Filing Nos. 1, 3, and 4. After considering, the aforementioned, the court finds that the plaintiff's Motion for a Temporary Restraining Order should be granted.

The court finds that immediate and irreparable harm may result to the Company if defendant Richard R. Runnels is not restrained from using, disclosing, or otherwise misappropriating the Company's confidential and proprietary information. In the Verified Complaint, the Company alleges actual and threatened misappropriation of the Company's trade secrets by Runnels due to Runnells's alleged access to confidential and proprietary documents, communications, and files on the Company's protected computers. Runnells' alleged continued surveillance of the Company's protected computers and data presents a clear and present threat of irreparable harm. The court finds it necessary to maintain the status quo pending a hearing within fourteen days of the date of this order as provided in Federal Rule of Civil Procedure 65(b).

The Company has shown it has no adequate remedy at law and is at risk of losing intangible assets such as reputation and goodwill if the defendant's conduct is not immediately enjoined.

The court further finds that this Temporary Order should be granted without notice to Runnels because providing notice to the defendant may encourage destruction of evidence.

IT IS HEREBY ORDERED that:

1. The plaintiff's Motion for a Temporary Restraining Order, Filing No. 3 is granted.

2. Defendant Richard Runnells, his agents, employees, and attorneys, are temporarily enjoined from disclosing or utilizing in any fashion any Company property or trade secrets, including the Company's Confidential or Proprietary Information;

3. Defendant Richard Runnells, his agents, employees, and attorneys, are temporarily enjoined from incurring any charges to any credit card opened in the Company's name, specifically, the Southwest Chase Business Credit Card and Southwest Chase Bulletproof Business Credit Card;

4. That Defendant is enjoined from accessing any electronic communications sent to or received by the Company and its owners, employees, or officers; or accessing the Company's G Suite, QuickBooks, or other electronic systems, whether by the APA or otherwise;

5. That Defendant is enjoined from identifying himself to any third parties, including investors, clients, potential clients, or others as an agent, employee or other representative of the Company;

6. Pending a hearing on the plaintiff's motion for injunctive relief, the defendant is ordered to maintain and preserve all tangible Company Property, including the Company computers, laptops, external hard drives, flash drives, external devices, phones, and I-pads, and data thereon; and all personal computers, laptops, external hard drives, flash drives, external devices, phones, and data thereon.

7. This matter is set for hearing on January 27, 2020, at 10:00 a.m. in Courtroom No. 3, Roman Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska, 68102.

8. This temporary restraining order expires at the time of the hearing, at which time it may be extended for good cause shown, or unless the defendant consents to an extension for a longer period.

9. The plaintiff shall immediately serve this temporary restraining order on defendant Richard R. Runnels by Certified Mail.

Dated this 17th day of January, 2020, at 2:35 p.m.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Court Judge